NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Brian PALADINO,

       Plaintiff,

v.

K. NEWSOME, et al.,

       Defendants.

Civ. No. 12-2021

OPINION

THOMPSON, U.S.D.J.

    This matter has come before the Court on Plaintiff Brian Paladino's Motion to Enjoin Retaliation, (Docket Entry No. 10), and Motion for This Court to Resolve Any Factual Disputes Concerning Exhaustion of Administrative Remedy. (Docket Entry No. 27). Defendants oppose the Motion to Enjoin Retaliation.[1] (Docket Entry No. 24). The Court has decided the motions after considering the parties' submissions without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons, Plaintiff's motions are denied.

    **I.    BACKGROUND**

    These motions involve alleged acts of retaliation against Plaintiff Brian Paladino by various correctional officers and employees at the New Jersey State Prison in response to Plaintiff's initiation and prosecution of the instant lawsuit. On April 4, 2012, Plaintiff, a prisoner at New Jersey State Prison, filed a complaint against various correctional officers and prison employees, including Defendants K. Newsome, Shirley Stephens, Gary M. Lanigan, Charles Warren, M. Perkins, Lt. Crothers, D. Gerdes, Officer White, Officer Pinkston, Officer

---

[1] Defendants Charles Warren, Lt. Crothers, D. Gerdes, K. Nellsen, and Jason Holder received service of process on September 24, 2012. (*See* Docket Entry Nos. 11-14, 18). The remaining Defendants have not received service of process. (*See* Docket Entry Nos. 15-17, 19-21). The New Jersey Attorney General submitted a brief opposing Plaintiff's motion "as a potential attorney for the NJSP Defendants, who were served with a Summons and the amended complaint." (Def.'s Br., Docket Entry No. 24 at 2).

Impagliazzo, K. Nellsen, Sgt. Antoinello, J. Ilardi, J. Dominguez, Officer Maura, and John Does 1-10.  (Compl., Docket Entry No. 1).  Plaintiff filed an amended complaint on June 28, 2012, adding Sgt. Anderson and Jason Holder as defendants.  (Am. Compl., Docket Entry No. 3).  Plaintiff claims that Defendants violated Plaintiff's constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as the Privileges and Immunities Clause of Article IV.  (*Id.*).

According to Plaintiff, Defendants have retaliated against him since he initiated his lawsuit in an attempt to get Plaintiff to drop his claims.  Reading Plaintiff's allegations broadly, the alleged acts of retaliation include: (1) Defendant J. Dominguez's ("Dominguez") initial refusal to permit Plaintiff to shower that was later overridden by another correctional officer; (2) an incident in which Dominguez spit on Plaintiff, yelled that Plaintiff could not win his lawsuit, and told Plaintiff that Dominguez had been ordered to "do whatever it takes" to get him to drop the lawsuit; (3) four occasions between August 9, 2010 and September 8, 2012 on which Plaintiff was not permitted to partake in regularly scheduled recreation periods; (4) the imposition of two disciplinary infractions that Plaintiff asserts are baseless; and (5) threats made by unnamed officers to force Plaintiff to drop his lawsuit.  (Docket Entry No. 10, Attach. 1).

On September 14, 2012, Plaintiff filed a Motion to Enjoin Retaliation in which Plaintiff seeks to "enjoin defendant J. Dominguez, Charles Warren, Kenneth Nelsen, and every officer, agent or employee working in concert or connection with them, from retaliation . . . ."  (Docket Entry No. 10).  The Court treats Plaintiff's motion as a request for a preliminary injunction.  Defendants oppose the motion, arguing, among other things, that injunctive relief is improper because Plaintiff failed to exhaust administrative remedies and, therefore, cannot show a likelihood of success on the merits.  (Docket Entry No. 24).  In response, Plaintiff filed a Motion

for the Court to Resolve Any Factual Disputes Concerning Exhaustion of Administrative Remedy.  (Docket Entry No. 27).

**II.     ANALYSIS**

A. *Motion for Preliminary Injunction*

"[T]he grant of injunctive relief is an extraordinary remedy . . . which should be granted only in limited circumstances." *Frank's GMC Truck Ctr., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (citing *United States v. Philadelphia*, 644 F.2d 187, 191 n.1 (3d Cir. 1980)).  When deciding whether to grant a preliminary injunction, courts must consider four elements: (1) the likelihood of success on the merits; (2) the probability of irreparable injury to the moving party in the absence of such relief; (3) the possibility of harm to the non-moving party if relief is granted; and (4) the public interest.  *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 191-92 (3d Cir. 1990).  "Only if the movant produces evidence sufficient to convince the [court] that all four factors favor preliminary relief should the injunction issue." *Id.* at 192.

The Court addresses first whether irreparable harm to Plaintiff will result if injunctive relief is denied, since "[i]n the absence of irreparable injury, no . . . injunction would lie, even if the other three elements . . . were found." *Nutrasweet Co. v. Vit-Mar Enters. Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).  Irreparable harm "must be of a peculiar nature and incapable of pecuniary measurement."  *Boretsky v. Corzine*, No. 08 Civ. 2265, 2009 WL 1312701, at *5 (D.N.J. May 11, 2009) (internal citations omitted).  The "key aspect . . . is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976).  Furthermore, the irreparable injury must be clearly shown to be immediate, as "an injunction may not be used simply to eliminate a

possibility of a remote future injury, or a future invasion of rights." *Boretsky*, 2009 WL 1312701, at *5.

In his motion, Plaintiff alleges three types of retaliation on the part of Defendants: (1) an initial refusal to permit Plaintiff to shower on one occasion that was ultimately revoked; (2) the filing of false disciplinary charges; and (3) various verbal threats made to try to force Plaintiff to drop his lawsuit. Plaintiff has failed to show that any of these alleged acts of retaliation poses an immediate threat of irreparable harm. *See Barkley v. Ricci*, No. 07 Civ. 2760, 2007 WL 4440178, at *1-2 (D.N.J. Dec. 17, 2007) (finding that fabricated disciplinary infractions do not constitute irreparable harm); *Boone v. Brown*, No. 05 Civ. 750, 2005 WL 2006997, at *14 (D.N.J. Aug. 22, 2005) (finding that retaliatory acts against a prisoner, including making threats to stifle complaints and refusing to permit a prisoner to take showers for short periods of time, do not constitute irreparable harm, especially when the threats do not deter the prisoner from filing complaints and continuing to prosecute his case in court). Therefore, Plaintiff's failure to establish a probability of immediate, irreparable harm renders injunctive relief improper at this time.

Although an injunction is not proper at this time, the Court does not wish to approve of the deplorable conduct Plaintiff alleges is being committed by correctional officers at New Jersey State Prison. "It is well-established that [there is] a constitutionally protected right to file non-sham lawsuits, grievances, or other petitions with the courts and other government bodies under the First Amendment's Petition Clause." *Uwalaka v. State*, No. 04-2973, 2005 U.S. Dist. LEXIS 28121 at *12 (citing *San Filippo v. Bongiovanni*, 30 F.3d 424, 434-35 (3d Cir. 1994)). It is also without question that this right of access to the courts extends to prisoners and must be "freely exercisable without hindrance or fear or retaliation." *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981). The Court is uncertain at this time whether a hearing is necessary to

4

address Plaintiff's allegations. At the very least, the Court hopes that counsel for Defendants will personally investigate them to ensure that no such conduct is occurring at New Jersey State Prison to dissuade Plaintiff from exercising his constitutional rights.

   B. *Motion for the Court to Decide Factual Issues Concerning Exhaustion of Administrative Remedies*

Plaintiff has also moved for the Court to decide certain factual issues concerning whether Plaintiff exhausted administrative remedies. The issue of whether Plaintiff exhausted administrative remedies arose in the context of Plaintiff's motion for preliminary injunction. As previously discussed, a party seeking a preliminary injunction must prove four elements, one of which is a "reasonable probability of eventual success in the litigation." *Tillery v. Hayman*, No. 07 Civ. 2662, 2008 WL 5416392, at *2 (D.N.J. Dec. 22, 2008) (quoting *Bennington Foods LLC v. St. Croix Renaissance Grp., LLP*, 528 F.3d 176, 179 (3d Cir. 2008) (internal quotations omitted)). The Prison Litigation Reform Act of 1996 (P.L.R.A.) requires that prisoners asserting a claim under 42 U.S.C. § 1983 with regards to prison conditions exhaust administrative remedies. *See* 42 U.S.C. § 1997(e). To exhaust administrative remedies, a prisoner must take advantage of all avenues of redress, including those provided in the Inmate Handbook of the New Jersey State Prison. *Concepcion v. Morton*, 306 F.3d 1347, 1355 (3d Cir. 2002) (holding that "a remedy need not be formally adopted through regulations by an agency in order for it to be considered an 'administrative remedy' within the scope of § 1997e(a)'s exhaustion requirement" and prisoners must "first attempt to address their grievances through the administrative remedy described in New Jersey's Department of Corrections Inmate Handbook" before pursuing § 1983 claims).

In opposing Plaintiff's request for injunctive relief, Defendants argued that Plaintiff failed to demonstrate a likelihood of success on the merits because he did not exhaust administrative

5

remedies. In particular, Defendant alleged that Plaintiff filed numerous Inmate Remedy System Forms but did not administratively appeal the adverse rulings as permitted by the Inmate Handbook. Plaintiff claims, however, that he was never notified of the outcome of many of the complaints he filed. He argues, therefore, that he satisfied the exhaustion requirement by exhausting all remedies reasonably available to him, and he filed a motion requesting this Court to resolve any factual disputes regarding the exhaustion of administrative remedies.

At this time, the Court need not decide whether Plaintiff exhausted administrative remedies. Exhaustion of administrative remedies is relevant to whether Plaintiff has shown a likelihood of success on the merits, one of four elements necessary for the Court to issue an injunction. As previously discussed, the Court is denying Plaintiff's request for an injunction because Plaintiff failed to prove another element: a probability of irreparable harm. Therefore, the Court need not decide whether Plaintiff has exhausted administrative remedies, and Plaintiff's Motion for the Court to Resolve Factual Issues Concerning Exhaustion of Administrative Remedies is denied.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Enjoin Retaliation and Motion for This Court to Resolve Any Factual Disputes Concerning Exhaustion of Administrative Remedy are denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: November 29, 2012