UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN PALADINO, : | |
| : | Civil Action No. 12-2021 (AET) |
| Plaintiff, : | |
| : | |
| v. : | MEMORANDUM OPINION |
| : | AND ORDER |
| SERGEANT K. NEWSOME, et al., : | |
| : | |
| Defendant. : | |
| : | |

This matter having been opened to the Court upon application by *pro se* Plaintiff Brian Paladino ("Plaintiff") seeking the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e) [Docket Entry No. 48]; and the Plaintiff arguing that counsel should be appointed because he lacks the financial resources to do so; and Plaintiff further arguing that he has diligently attempted to secure *pro bono* representation in this case to no avail and providing letters evidencing same; and Plaintiff further arguing that the issues in this case are complex and beyond the scope of his education; and Plaintiff arguing that there are issues of credibility; and Plaintiff further arguing that he is unable to get the supplies needed to prosecute his case; and Plaintiff further arguing that he is unable to get assistance from inmate paralegals because they fear retaliation for same; and Plaintiff further arguing that he believes his mail is not processed according to policy and he is otherwise hindered from all legal correspondence; and Plaintiff further arguing that he is relying on the charity of other inmates for his legal supplies; and Defendants Warren, Crothers, Gerdes, Nellsen, Holder and Lanigan ("Defendants") having filed opposition to Plaintiff's motion [Docket Entry No. 51]; and Defendants arguing that "Plaintiff has already demonstrated that he has the capacity to effectively present his claims without appointed counsel" *Id.* at 5; and Defendants further arguing that the claims presented by Plaintiff are not

complicated or complex; and Defendants further arguing that no complicated discovery is needed and Plaintiff has all the relevant factors needed for prosecution in his possession; and the Court finding that pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel[;]" and the Court further finding that there is no right to counsel in a civil case (*Tabron v. Grace*, 6F.3d 147, 153-54 (3d Cir. 1993); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997)); and the Court further finding that under *Tabron* in deciding whether counsel should be appointed, the Court first considers whether a claim or defense has "arguable merit in fact and law," and, if it does, the Court then considers additional factors, which include: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf (*Tabron*, 6 F.3d at 155-157); and the Court further finding that other factors such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time" must also be considered when deciding an application for the appointment of *pro bono* counsel (*Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58)); and the Court noting that a Motion to Dismiss and for Summary Judgment [Docket Entry No. 45] is currently pending; and the Court further finding that, on balance, when the *Tabron* factors are considered in conjunction with the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do *pro bono* work, and the value of lawyers' time (*see Jenkins*, Civ. Action No 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58), they do not warrant the

appointment of counsel at this time; and the Court having considered this matter pursuant to

FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 25st day of February, 2013,

ORDERED that Plaintiff's application for the appointment of *pro bono* counsel is

DENIED WITHOUT PREJUDICE.

 s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**
