NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Brian PALADINO,

        Plaintiff,

v.

K. NEWSOME, et al.,

        Defendants.

Civ. No. 12-2021

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter has come before the Court on the Motion for Reconsideration filed by Plaintiff Brian Paladino ("Plaintiff"). (Docket Entry No. 64). Defendants Warren, Crothers, Gerdes, Nellsen, Holder, and Lanigan[1] (collectively, "Defendants") oppose the motion. (Docket Entry No. 66). The Court has decided the motion after considering the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons, Plaintiff's motion is granted in part and denied in part.

## II. BACKGROUND

The Court assumes the parties' familiarity with the underlying facts of this case and recites briefly those facts relevant to the Court's decision. On April 4, 2012, Plaintiff filed a complaint, (Docket Entry No. 1), and then on June 28, 2012, filed an amended complaint (collectively, "Complaint"), (Docket Entry No. 3). In the Complaint, Plaintiff seeks relief for a number of constitutional violations. First, Plaintiff claims that Defendants violated the Eighth Amendment by (1) using excessive force on two occasions when several officers allegedly beat

---

[1] As neither party has provided full names for each defendant, the Court refers to them by last name only.

Plaintiff; (2) subjecting him to substandard conditions of confinement by limiting him to three showers per week and depriving him of meals, recreation, contact visitation, educational programs, hygiene supplies, cleaning supplies, and the opportunity to earn good time credits; and (3) providing inadequate medical care, particularly by taking his prescription eyeglasses and dentures. (*Id.*). He also claims that Defendants violated the First Amendment by denying him access to religious services. (*Id.*). He claims they also denied him access to the courts by failing to provide him with adequate paralegal assistance in violation of his First Amendment and Due Process rights. (*Id.*). Finally, he claims that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by depriving him of meals, cleaning supplies, writing supplies, and hygiene supplies that were provided to similarly situated inmates. (*Id.*).

On August 13, 2012, the Court dismissed several of Plaintiff's claims *sua sponte* under 28 U.S.C. §§ 1915(e)(2), 1915A. (Docket Entry Nos. 4, 5). Plaintiff was permitted to proceed with only his claims for (1) excessive force in violation of the Eighth Amendment; (2) conditions of confinement in violation of the Eighth Amendment; (3) inadequate medical treatment in violation of the Eighth Amendment; and (4) disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment. (*See* Docket Entry No. 4).

On January 4, 2013, Defendants filed a motion to dismiss and for summary judgment as to those remaining claims. (Docket Entry No. 45). Plaintiff opposed the motion on grounds that (1) the Court's *sua sponte* review of the Complaint precluded Defendants from making a motion to dismiss; and (2) summary judgment was premature because Plaintiff had not had the opportunity to conduct discovery. (Docket Entry No. 47). As the Court found those arguments inadequate to address the issues raised by Defendants in their motion, the Court provided Plaintiff with an additional opportunity to respond to Defendants' motion. (*See* Docket Entry No. 50). Specifically, the Court instructed Plaintiff to submit any evidence, including

documents, affidavits or declarations, that address whether Plaintiff exhausted administrative remedies prior to initiating this lawsuit. (*Id.*). Plaintiff submitted such materials on February 26, 2013. (Docket Entry No. 53).

On June 27, 2013, the Court issued an Opinion ("June 27 Opinion"), granting Defendants' motion in part and denying in part. (Docket Entry No. 57). Of relevance to the proceedings at this stage, the Court granted summary judgment on a number of Plaintiff's claims for failure to exhaust administrative remedies.[2] (*Id.*). Specifically, the Court granted summary judgment on Plaintiff's Eighth Amendment claims for excessive force and inadequate medical treatment. (*Id.*). The Court also granted summary judgment on Plaintiff's Eighth Amendment challenge to the conditions of his confinement to the extent that claim involved allegations of meal deprivation, visitation rights, showering, educational programs, and cleaning supplies. (*Id.*). In granting summary judgment on those claims, the Court noted that Plaintiff had not contested the completeness of the set of Inmate Remedy Systems Forms ("IRSFs") submitted by Defendants in support of their motion. (*Id.*). Using those records, the Court concluded that Plaintiff had not submitted IRSFs for those Eighth Amendment claims and, therefore, had not exhausted administrative remedies. (*Id.*).

The Court also denied summary judgment on two claims: the Eighth Amendment claim concerning inadequate hygiene supplies and exercise and the Fourteenth Amendment claim for denial of hygiene and writing supplies. (*Id.*). (*Id.*). Defendants had argued that although Plaintiff submitted IRSFs to support those claims, he had not exhausted administrative remedies because he had not appealed the prison's responses as required. (*Id.*). Plaintiff presented evidence, however, that he had not been notified of the outcome of those IRSFs and, therefore,

---

[2] The Court also held that Defendants Warren, Nellsen, and Lanigan were not entitled to dismissal under theories of qualified immunity or *respondeat superior*. (*Id.*).

3

could not appeal. (*Id*.). As such, the Court determined that a genuine issue of material fact existed as to whether Plaintiff exhausted the administrative remedies available to him and denied summary judgment as to those claims. (*Id*.). Plaintiff now moves for reconsideration of the Court's decision to grant summary judgment on certain claims. (Docket Entry No. 64).

### III. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be "granted very sparingly." *See* L. CIV. R. 7.1(I) cmt.6(d) (internal quotations omitted); *Church & Dwight Co., Inc. v. Abbott Labs.*, 545 F. Supp. 2d 447, 449 (D.N.J. Feb. 29, 2008) ("The standard for reconsideration is high and reconsideration is to be granted only sparingly."). A proper motion for reconsideration "must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotations and citations omitted).

Motions for reconsideration "are not an opportunity to argue what could have been, but was not, argued in the original set of moving and responsive papers," nor are such motions "an opportunity for the parties to avail themselves of additional briefing." *Bowers v. Nat'l Collegiate Athletic Ass'n Act, Inc.*, 130 F. Supp. 2d 610, 613 (D.N.J. Feb. 2, 2001). In other words, such motions "should not provide the parties an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 532 (D.N.J. June 29, 1998).

### IV. ANALYSIS

Plaintiff moves for reconsideration of the Court's decision to grant summary judgment on certain Eighth Amendment claims for failure to exhaust administrative remedies. (Docket Entry No. 64). Defendants first argue that Plaintiff's motion should be denied for failure to comply with Local Civil Rule 7.2, which requires a party to file moving papers and a brief in separate

4

documents. (Docket Entry No. 66 at 3). While Defendants correctly point out that Plaintiff has failed to submit a brief in a separate document, it is "always within the discretion of a court . . . to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case the ends of justice require it." *Am. Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 539 (1970) (internal quotations omitted). "Enforcement of local district court rules therefore must be tempered with due consideration of the circumstances of the dispute." *Hitachi Capital Am. Corp. v. Nussbaum Sales Corp.*, No. 09-731, 2010 WL 1379804, at *3 (D.N.J. Mar. 30, 2010) (citing *Cohen v. Carnival Cruise Lines*, 782 F.2d 923, 924 (11th Cir. 1986)). The Third Circuit has clarified that a "district court can depart from the strictures of its own local procedural rules where (1) it has a sound rationale for doing so, and (2) so doing does not unfairly prejudice a party who has relied on the local rule to his detriment." *U.S. v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 215 (3d Cir. 2000). In accordance with these principles, the Court will exercise its discretion to relax the procedural rules and consider Plaintiff's motion despite its procedural deficiency. In determining that such leniency is necessary, the Court notes that Plaintiff has complained that the prison refuses to provide him with adequate legal supplies, including paper. (Docket Entry No. 64 at ¶ 4). As filing separate papers may, therefore, be difficult for Plaintiff and there is no suggestion that Defendants have relied on this Local Civil Rule to their detriment, the Court will now consider Plaintiff's motion.

Turning to the merits of Plaintiff's motion, the Court finds it necessary to grant reconsideration on one issue. In the June 27 Opinion, the Court granted summary judgment on Plaintiff's Eighth Amendment excessive force claim regarding a 2010 incident in which Newsome, Perkins, Antionello, Crothers, and Gerdes allegedly threw Plaintiff to the floor and beat him. (Docket Entry No. 57 at 10-11). Plaintiff points out, however, that Defendants submitted a set of IRSFs in support of their motion that spans only May 2011 through June 28,

2012. (Docket Entry No. 64 at ¶ 2; *see also* Docket Entry No. 45, Attach. 2 at ¶ 11). The Court agrees, therefore, that Defendants did not show that Plaintiff failed to submit an IRSF concerning that incident as he could have submitted an IRSF prior to May 2011. As Defendants bear the burden of showing that no genuine issue of material fact exists as to whether Plaintiff exhausted administrative remedies, the Court will, therefore, vacate its June 27 Opinion to the extent it granted summary judgment as to that excessive force claim.

The Court is not persuaded by Plaintiff's other arguments in favor of reconsideration, however. Plaintiff argues primarily that he did in fact exhaust all administrative remedies available to him. (Docket Entry No. 64 at ¶ 1). Absent some evidence or argument to support this, however, the Court is unchanged. Plaintiff contends that he provided such evidence in the form of "certified copies of administrative appeals, and other documentation showing how the IRSF system forms are manipulated . . . ." (*Id*. at ¶ 4). The Court, having re-examined these submissions, however, finds nothing to alter its conclusion that Plaintiff failed to submit IRSFs for certain claims.[3]

Plaintiff also argues that Defendants "have hindered [him] through affirmative misconduct, improper handling of IRSF forms, not sending out [his] legal mail, not permitting any legal phone calls, not sending out personal mail to family, not permitting phone calls to family, refusing to provide needed legal stationary suplies (sic) . . . ." (*Id*. at ¶ 3). He also contends that "numerous" IRSFs and administrative appeals have "gone missing" since August 2010. (*Id*. at ¶¶ 5-7). Importantly, however, Plaintiff does not contend that he submitted IRSFs for any of the claims previously dismissed by the Court for failure to exhaust administrative remedies. Therefore, Plaintiff has not shown that a genuine issue of material existed as to

---

[3] Plaintiff's submissions focus on the content of the prison's responses to his IRSFs, complaining that they were inadequate or "offensive." (*See* Docket Entry No. 53, Attachs. 6, 7). His submissions do not demonstrate that Plaintiff submitted any IRSFs for his claims that have not been received by the Court.

whether he exhausted administrative remedies and the Court determines that reconsideration is not necessary to correct clear error of law or to prevent manifest injustice.

V.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is granted in part and denied in part.  An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date:    August 29, 2013