UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Brian PALADINO,

        Plaintiff,

v.

Kevin NEWSOM, et al.,

        Defendants.

Civ. No. 12-2021

OPINION

THOMPSON, U.S.D.J.

## I. INTRODUCTION

This matter is before the Court upon Plaintiff Brian Paladino's Motion for Leave to Add Claims. (Docket No. 77). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court denies Plaintiff's Motion.

## II. BACKGROUND

Plaintiff, an inmate currently incarcerated at New Jersey State Prison, commenced this action by filing a civil rights complaint on April 4, 2012. (Docket No. 1). Plaintiff filed an amended complaint on June 28, 2013, stating numerous claims including deprivation of property. (Docket No. 3). The Court issued an Opinion and Order on August 13, 2012, dismissing a number of Plaintiff's claims including the deprivation of property claim. (Docket Nos. 4, 5).

On October 9, 2013, Plaintiff filed the Motion for Leave to Add Claims which is the subject of this opinion. (Docket No. 77).

III. ANALYSIS

Leave to amend pursuant to Rule 15(a) should be freely granted. *See Foman v. Davis,* 371 U.S. 178 (1962); *see also Adams v. Gould, Inc.,* 739 F.2d 858, 864 (3d Cir.1984), *cert. denied,* 469 U.S. 1122 (1985). The district court may only deny leave to amend in two circumstances: (1) "if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial" to the defendant; or (2) if the amendment would be futile (i.e., the amendment fails to state a cause of action). *Id.; see also Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).

Here, Plaintiff's Motion for Leave to Amend is futile. "In determining the futility of an amendment, ... [the Court] applies the same standard of legal sufficiency as applie[d] under Rule 12(b)(6)" and "accept[s] as true all factual allegations contained in the proposed amended [pleading] and any reasonable inferences that can be drawn from them." *Walls v. Cnty. of Camden*, CIV. 06-5961 (JEI), at *2–3 (D.N.J. Nov. 13, 2008); *see also Alvin v. Suzuki,* 227 F.3d 107, 121 (3d Cir. 2000). "[I]f the proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the Court may deny leave to amend," but where the "proposed amendment is not clearly futile, then denial of leave to amend is improper." *Harrison Beverage Co. v. Dribeck Importers, Inc.,* 133 F.R.D. 463, 468–69 (D.N.J.1990).

Here, it appears that Plaintiff is attempting to add a deprivation of property claim. (Docket No. 77 at 2). Plaintiff further claims that "[a]t New Jersey State Prison it is and has been common custom and practice to deny ligitimate [sic] property claims based on frivolous denial reasons." This Court's analysis of Plaintiff's deprivation of property claim has not changed since the July 31, 2012 opinion in which Plaintiff's deprivation of property claim was

dismissed with prejudice. *Paladino v. Newsome*, CIV.A. 12-2021 AET, 2012 WL 3315571 (D.N.J. Aug. 13, 2012).

Deprivation of property by a state actor does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if the following are true: (1) a meaningful post-deprivation remedy for the loss is available; and (2) the deprivation of property did not occur pursuant to an established state procedure. *Hudson v. Palmer,* 468 U.S. 517, 530–36 (1984); *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 435–36 (1982); *Parratt v. Taylor,* 451 U.S. 527, 543–44 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327, 328 (1986).

Here, New Jersey provides a meaningful post-deprivation remedy for unauthorized deprivation of property by public employees. *See* New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1–1 *et seq.* (2001). Additionally, Plaintiff has failed to allege any facts suggesting that the Defendants deprived him of property pursuant to an established state procedure. Furthermore, this Court has failed to locate any established procedure instructing New Jersey State Prison employees to take inmate property. To the contrary, established state procedures require prison officials to preserve personal property of inmates. *See, e.g.,* N.J. Admin. Code §§ 10A:1–11.3 *et. seq.* (2001).[1]

---

[1] The state procedures for removing non-permissible prisoner property are as follows:

(a) Designated staff at the correctional facility shall notify an inmate, in writing, whenever the inmate possesses any property that is non-permissible personal property.
(b) Designated staff at the correctional facility shall inventory and package the nonpermissible personal property and the inmate shall indicate, in writing, which of the following means of disposal should be used with respect to the non-permissible personal property. The non-permissible personal property shall either be:
    1. Mailed to the inmate's home at the inmate's expense;
    2. Given to a visitor designated by the inmate;
    3. Donated by the inmate to a charitable organization at the inmate's expense; or
    4. Destroyed.

For these reasons, this Court finds that allowing Plaintiff to add this claim would be futile.

IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion is denied. An appropriate order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: January 8, 2014

---

(c) If the non-permissible property is to be removed by a family member or friend(s), the inmate shall arrange for the removal of the non-permissible personal property within 30 calendar days after receiving the written notification from the correctional facility.
(d) If the inmate's non-permissible personal property is not removed from the correctional facility within 30 calendar days after the written notification, the inmate shall receive a second written notification stating that:
    1. The property will be held for a maximum of 30 additional calendar days;
    2. The property will be disposed of if it is not removed by a specified date; and
    3. The correctional facility shall not be liable for personal property that is held longer than 60 calendar days.
(e) If the inmate or designee fails to respond to a second written notification within 30 calendar days, designated staff at the correctional facility may dispose of the non-permissible personal property by:
    1. Donating the non-permissible personal property to any recognized public charitable organization;
    2. Retaining the non-permissible personal property for use by the general inmate population, such as a typewriter for use in the Inmate Law Library; or
    3. Destroying the non-permissible personal property.
(f) Copies of written notices to the inmate about non-permissible personal property shall become a permanent part of the inmate's classification folder (see N.J.A.C. 10A:1-11.10).

N.J. Admin. Code 10A:1-11.3.