NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Brian PALADINO,<br><br>  Plaintiff,<br><br>  v.<br><br>Kevin NEWSOM, et al.,<br><br>  Defendants. | Civ. No. 12-2021<br><br>OPINION |

THOMPSON, U.S.D.J.

I. INTRODUCTION

This matter is before the Court upon Brian Paladino's appeal of Magistrate Judge Bongiovanni's denial of his motion to compel. Defendants Lanigan, Warren, Crothers, Gerdes, Nellson, and Holder oppose Paladino's appeal. (Docket No. 103). The Court has decided the matter upon consideration of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court denies Paladino's motion.

II. BACKGROUND

Brian Paladino ("Plaintiff") an inmate currently incarcerated at New Jersey State Prison within the New Jersey Department of Corrections commenced this action by filing a civil rights complaint on April 4, 2012. (Docket No. 1). The Court issued an Opinion and Order on August 13, 2012 dismissing the following claims: the lack of opportunity to earn good time credits; First

Amendment denial of free exercise claim; First Amendment access to the courts claim; Fourth Amendment cell search claim; and the deprivation of property claim. (Docket No. 5). The Court allowed the excessive force, conditions of confinement, inadequate medical care, and equal protection claims to go forward. (*Id*.).

On January 4, 2013, Defendants filed a motion to dismiss Plaintiff's remaining claims. (Docket No. 45). On June 27, 2013, the Court granted in part and denied in part Defendants' motion. (Docket No. 58). As a result, the only claims which remain are Plaintiff's conditions of confinement and equal protection claims regarding his allegations of inadequate soap, toilet paper, recreation, exercise, and writing materials.

On February 19, 2014, Plaintiff filed what is captioned as a "motion to compel production and impose Rule 37 sanctions." (Docket No. 98). On April 14, 2014, Judge Bongiovanni issued a letter order granting in part and denying in part Plaintiff's motion. (Docket No. 100). Specifically, Judge Bongiovanni denied the production of documents not related to inadequate soap, toilet paper, recreation, exercise, and writing materials. (*Id*.).

On May 8, 2014, Plaintiff filed an appeal of Judge Bongiovanni's letter order. (Docket No. 102).

### III. ANALYSIS

In considering an appeal of a nondispositive order by a magistrate judge, the court will modify or vacate an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c). A magistrate judge's finding is clearly erroneous when, after considering the entirety of the evidence, the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Dome Petroleum Ltd. v. Employers Mut. Liab. Ins. Co.,* 131 F.R.D. 63, 65 (D.N.J. 1990). A ruling is contrary to law if the magistrate judge has

misinterpreted or misapplied applicable law. *Gunter v. Ridgewood Energy Corp.,* 32 F.Supp.2d 162, 164 (D.N.J. 1998). The burden of showing that a ruling is "clearly erroneous or contrary to law rests with the party filing the appeal." *Marks v. Struble,* 347 F.Supp.2d 136, 149 (D.N.J. 2004).

Here, Plaintiff has not carried his burden of showing that the Magistrate Judge's ruling was "clearly erroneous." In his appeal, Plaintiff claims the ruling should be set aside to "avoid manifest injustice;" however, Plaintiff's appeal fails to demonstrate that the Magistrate Judge's ruling was the result of a misapplication of law or erroneous. (Docket Nos. 102, 104).

Therefore, the Court will affirm the order of the Magistrate Judge.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Date: 6/20/14