NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Brian PALADINO,

        Plaintiff,

v.

K. NEWSOME, et al.,

        Defendants.

Civ. No. 12-2021

OPINION

THOMPSON, U.S.D.J.

### INTRODUCTION

This matter has come before the Court on the Motion for Summary Judgment filed by Defendants Crothers, Gerdes, Holder, Lanigan, Nellsen, and Warren (collectively, "Defendants").[1] (Doc. No. 115). Plaintiff Brian Paladino ("Plaintiff") opposes the Motion. (Doc. No. 119). The Court has decided the Motion after considering the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b). For the following reasons, Defendants' Motion is granted.

### BACKGROUND AND FINDINGS OF FACT

The Court assumes the parties' familiarity with the underlying facts of this case and summarizes here only those facts pertinent to this Opinion.

*A. Plaintiff's Allegations*

During the times relevant to this case, Plaintiff has been incarcerated at the New Jersey State Prison ("NJSP"). (Doc. No. 115-8, Defs.' Statement of Facts, at ¶ 1). Plaintiff has alleged that he was assaulted by various NJSP correctional officers in October 2010. (Doc. No. 3, Am.

---

[1] As neither party has provided full names for each Defendant, the Court refers to them solely by last name.

Compl. at ¶¶ 25-32). He also alleges that starting in November 2010 he was only allowed recreational or exercise privileges outside of his cell on one occasion. (*Id*. at ¶ 55). Lastly, he alleges that NJSP officers deprived him of certain hygiene products and writing supplies starting in 2011 even though all inmates were supposed to have been provided with such products. (*Id*. at ¶¶ 33-39). Based on these allegations, Plaintiff's remaining claims in this case are: (1) an Eighth Amendment excessive force claim relating to the alleged October 2010 assault (Doc. No. 70, Mot. Reconsideration Op. at 5–7); (2) an Eighth Amendment conditions of confinement claim relating to the lack of hygiene supplies and recreation/exercise privileges (Doc. No. 57, Mot. Dismiss Op. at 13–14); (3) a Fourteenth Amendment Equal Protection claim relating to the lack of hygiene supplies (*id*.); and (4) a Fourteenth Amendment Equal Protection claim relating to the lack of writing supplies (*id*.).

B. *Legal Authority for Resolving Factual Disputes Regarding Exhaustion*

Defendants' principal defense in this case is that Plaintiff failed to exhaust his administrative remedies with regard to the issues he now complains of as required by the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a). (Doc. No. 115, Defs.' Br. at 7–15).[2] However, there is a factual dispute between the parties regarding the exhaustion issue. Defendants claim that on every pertinent issue besides the writing supplies claim, Plaintiff did not appeal the initial adverse decision he received in response to the Inmate Remedy System Forms ("IRSF") he filed, and they cite to the evidentiary record to support these claims. (Doc. No. 115-8, Defs.' Statement of Facts). Plaintiff argues that he did exhaust his remedies because

---

[2] The Court has previously found that the PLRA exhaustion requirement applies to Plaintiff for these claims. (Doc. No. 57, Mot. Dismiss Op., at 8–10). Additionally, the Court has found that the administrative procedures that Plaintiff is required to exhaust are established by the NJSP Inmate Handbook. This Handbook outlines the following procedure for an inmate who wishes to complain about his conditions of confinement or the treatment he has received: (1) the inmate must first file an Inmate Remedy System Form describing the complaint; (2) a prison official will respond to the complaint; and (3) if the prisoner is not satisfied with the response, he must file an administrative appeal of the official's response. (*Id*.).

the IRSFs in question were never returned to him and thus he could not have appealed them; however, Plaintiff, points to no substantive proof to support this conclusion besides his own self-serving assertions. (*See, e.g.,* Doc. No. 119-5, Pl.'s Resp. to Defs.' Statement of Fact at ¶ 9) ("Plaintiff does not agree with Paragraphs 31.  See Complaint [1] and throughout this litigation Plaintiff has and does contend that numerous IRSF grievances have gone missing in regards to my claims of excessive force.  Other inmates of ordinary firmness would have given up and not pursued any litigation.")[3]

The Third Circuit Court of Appeals has ruled that district courts may resolve factual questions relating to the issue of a prisoner's exhaustion of administrative remedies without submitting them to a jury.  *Small v. Camden Cnty.*, 728 F.3d 265, 271 (3d Cir. 2013) ("In sum, we agree with the Second, Fifth, Seventh, Ninth, and Eleventh Circuits and hold that judges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury."); *see also Brown v. Shannon*, 566 Fed. App'x 151, 154 (3d Cir. 2014) (resolving a factual dispute pertaining to a grievance form submitted by a prisoner plaintiff without a jury on the basis of the ruling in *Small*).  Accordingly, to the extent it is necessary, this Court will exercise the authority outlined in *Small* to resolve the remaining factual disputes between Plaintiff and Defendants regarding whether Plaintiff properly exhausted his administrative remedies.

C. Whether Plaintiff Has Properly Met the Exhaustion Requirement

As has been established, in order for Plaintiff to satisfy the PLRA's exhaustion requirement, he must have submitted IRSFs pertaining to the conditions and treatment that form the basis of his claims, and then appealed the adverse decisions he received from the NJSP.  The

---

[3] The Court notes that in a typical summary judgment motion, such evidence is generally insufficient to establish a genuine issue of material fact.  *See Kirleis v. Dickie, McCarney & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) ("'[C]onclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment.'  Instead, the affiant must set forth specific facts that reveal a genuine issue of material fact.") (quoting *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002)) (internal citations omitted).

evidence shows that from August, 2010 through June 28, 2012, Plaintiff filed numerous IRSFs relating to a variety of issues; however, there is no evidence that he ever submitted an IRSF relating to his allegations of an assault in October 2010.[4] (Doc. No. 115-8, Defs.' Statement of Fact, at ¶¶ 14, 31.) On the hygiene supplies issue, Plaintiff submitted IRSFs on August 17, 2011, August 29, 2011, February 14, 2012, April 2, 2012, and May 13, 2012. (*Id*. at ¶¶ 15, 17, 20, 22, 29). On the recreation/exercise issue, Plaintiff submitted IRSFs on April 17, 2012 and May 9, 2012. (*Id*. at ¶¶ 25, 27). Lastly, Plaintiff submitted an IRSF relating to his lack of writing supplies claim on January 11, 2012. (Doc. 115-4, Hutton Decl., Doc. 57).

An NJSP staff person provided a response to every IRSF that Plaintiff filed, including the IRSFs at issue in this case. (Doc. No. 115-4, Hutton Decl., Ex. C; Doc. No. 115-3, Smith Decl., Ex. C.; Doc. No. 115-8, Defs.' Statement of Fact, at ¶¶ 14–30). Plaintiff appealed a number of adverse decisions he received as responses to his initial IRSF complaints. (*See, e.g.*, Doc. No. 115-4, Hutton Decl., at DOC 61, DOC 88, DOC 100, DOC 107, DOC 132). Of particular importance to this case, the evidence shows that Plaintiff did file an appeal of a denial of his claim of a lack of writing supplies. (*Id*. at DOC 57). However, the IRSF records pertaining to Plaintiff's hygiene supplies complaints and his recreation/exercise complaints indicate that he did not appeal those initial determinations. (*Id*. at DOC 37, DOC 39–40, DOC 69–70, DOC 112–113, DOC 126, DOC 129–130).

After reviewing all the evidence the parties have presented, the Court finds that Plaintiff failed to file any IRSF relating to the alleged assault of October 2010. The Court further finds that though Plaintiff did file IRSFs relating to his claims of a lack of hygiene supplies and a lack

---

[4] The Court notes that it had originally granted summary judgment to Defendants on this excessive force claim on June 27, 2013 but then granted Plaintiff's Motion for Reconsideration on that claim because Defendants had not submitted the IRSFs from this time period. (*See* Doc. No. 70, Mot. Recons. Op.). Defendants have now submitted all of the IRSFs that Plaintiff filed from August 2010 to June 28, 2012, and there are none reflecting Plaintiff's excessive force claim. (*See* Doc. No. Doc. No. 115-8, Defs.' Statement of Fact, at ¶ 31).

of recreation/exercise, he did not appeal the initial decisions made by the NJSP even though he had the knowledge and capability to appeal such decisions. In contrast, Plaintiff did properly appeal his complaint about his lack of writing supplies. There is no indication that the NJSP did not return the IRSFs to Plaintiff besides Plaintiff's own statements; in fact, there is every indication that the NJSP staff followed proper procedures in responding to each of Plaintiff's numerous IRSFs. Consequently, the Court determines that Plaintiff received responses to each of his IRSFs and failed to appeal those regarding his hygiene supplies claim and his recreation/exercise claim.

## SUMMARY JUDGMENT LEGAL STANDARD

Defendants move for summary judgment under Federal Rule of Civil Procedure 56. (Doc. No. 115, Defs.' Mot. Summ. J., at 2). The Court has already announced the familiar Rule 56 summary judgment standard in a previous opinion, that summary judgment is appropriate if the record shows there is "no genuine issue as to any material fact," in its June 27, 2013 Opinion. (Doc. No. 57 at 5–7). The same standard applies here. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

*A. The October 2010 Assault Claim, the Lack of Hygiene Supplies Claim, and the Lack of Recreation/Exercise Claim*

The Court has already ruled that the PLRA's exhaustion requirement described in 42 U.S.C. § 1997e applies to Plaintiff for the claims in dispute in this Motion. (Doc. No. 57, Mot. Dismiss Op., at 8–10). The Court has found that Plaintiff did not file an IRSF regarding the alleged assault in October 2010, nor did he appeal the initial determinations on his claims regarding hygiene supplies and recreation/exercise opportunities. Accordingly, Plaintiff has

failed to exhaust his administrative remedies for these claims, and judgment must be award to Defendants on these claims. *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004).

B. *The Lack of Writing Supplies Claim*

The only claim that is not precluded by the PLRA's exhaustion requirement is Plaintiff's Fourteenth Amendment Equal Protection claim pertaining to his alleged lack of writing supplies. Such a claim is based upon a prisoner's right of access to the courts, which requires that "'adequate, effective, and meaningful' access must be provided to inmates who wish to challenge their criminal charge, conviction, or conditions of confinement." *Prall v. Ellis*, 10-cv-1228, 2012 WL 6691778, at *4 (D.N.J. Dec. 21, 2012) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977). However, to maintain such a claim, Plaintiff must prove that he sustained an actual injury, such as being unable to file a claim pertaining to his conditions of confinement before the statute of limitations expired, because of the alleged lack of writing supplies. *Id*. Plaintiff has provided no evidence of such an injury; on the contrary, the quantity of IRSF claims he has submitted, as well as the documents he has filed in this case, indicate that, though he may not have all the supplies he wishes to have, he has not been prejudiced in his ability to pursue his claims by a lack of a writing supplies. *See id.* at *4–5 (dismissing a similar claim on a motion to dismiss for the same reason). Accordingly, judgment must be granted to Defendants on this claim as well.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment will be granted. An appropriate order will follow.

                                                */s/ Anne E. Thompson*
                                                ANNE E. THOMPSON, U.S.D.J.